**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4895**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JAMES THOMAS OXENDINE,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, District Judge.   (1:08-cr-00051-JPJ-1)

───────────

Submitted:  September 29, 2015          Decided:  October 9, 2015

───────────

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant.   Anthony P. Giorno, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thomas Oxendine appeals his 36-month sentence for violation of his supervised release. Oxendine argues that his revocation sentence is plainly unreasonable because the district court used the wrong criminal history category in calculating the policy statement range. We affirm.

After pleading guilty to aiding and abetting the possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 841 (2012), Oxendine was sentenced in 2010 to 36 months in prison, to be followed by a 6-year term of supervised release. Oxendine's supervised release commenced on January 14, 2011. While on supervised release, Oxendine committed new criminal offenses, to which he pled guilty in 2014.

Also in 2014, Oxendine's probation officer petitioned the court to revoke Oxendine's supervised release imposed on the 2010 conviction. At the revocation hearing, Oxendine did not contest the violation, nor did he object to the probation officer's calculation of the applicable policy statement range as 33 to 36 months' imprisonment.* The Government, apparently unaware of the 36-month statutory maximum, advocated for a

---

* Although the policy statement range provided a 33 to 41 month range, that range was limited by the 3-year statutory maximum. 18 U.S.C. § 3583(e)(3) (2012).

2

sentence of 41 months, and Oxendine sought a sentence below the range. The district court ultimately sentenced Oxendine to the statutory maximum revocation sentence of 36 months.

For the first time on appeal, Oxendine challenges the calculation of the policy statement range, arguing that the district court erred in utilizing Oxendine's 2014 criminal history category of VI rather than his 2010 criminal history category of V. We review for plain error "a sentencing issue that was not properly preserved in the district court." United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." Id. "In the sentencing context, the third prong . . . is satisfied if there is a non-speculative basis in the record to conclude that the district court would have imposed a lower sentence upon the defendant but for the error." United States v. McLaurin, 764 F.3d 372, 388 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, 135 S. Ct. 1842, 1843 (2015). Moreover, even if all three of these elements are satisfied, we should not correct the error "unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Aplicano-Oyuela, 792 F.3d at 422 (internal quotation marks omitted).

As the Government correctly concedes, the district court erred in calculating Oxendine's policy statement range based on his 2014 criminal history category rather than his 2010 criminal history category, and the error was plain. See U.S. Sentencing Guidelines Manual, § 7B1.4 p.s., cmt. n.1 (2013) (directing use of criminal history category as "determined at the time the defendant originally was sentenced to the term of supervision"). The correct policy statement range was 30 to 36 months, rather than the 33 to 36 months noted in the probation officer's violation report. However, Oxendine fails to argue, and nothing in the record indicates, any nonspeculative basis for concluding that the district court would not have arrived at the same 36-month sentence absent this error.

Accordingly, we conclude that Oxendine's challenge to his revocation sentence cannot withstand plain error review as he has not established that the error affected his substantial rights. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED